[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Burroughs v. Summit Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-4122.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4122

THE STATE EX REL. BURROUGHS *v.* SUMMIT COUNT BOARD OF ELECTIONS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Burroughs v. Summit Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-4122.]**

*Elections—Mandamus—Nominating petition—Action to compel board of elections to place relator's name on the ballot—Writ granted on the authority of* State ex rel. Crowl v. Delaware Cty. Bd. of Elections, __ Ohio St.3d __, 2015-Ohio-4097, __ N.E.3d __.

(No. 2015-1570—Submitted October 2, 2015—Decided October 2, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Richard A. Burroughs, seeks a writ of mandamus ordering respondent, the Summit County Board of Elections, to certify him as an independent candidate for the city of Akron ward 8 council position in the November 3, 2015 election.

**{¶ 2}** Burroughs submitted a nominating petition containing 24 valid signatures, one shy of the number required to qualify for the ballot. The board of elections rejected four petition signatures because they did not match the signatures on the electors' voter-registration forms.

**{¶ 3}** On the authority of *State ex rel. Crowl v. Delaware Cty. Bd. of Elections*, __ Ohio St.3d __, 2015-Ohio-4097, __ N.E.3d __, we conclude that the board abused its discretion in rejecting the four petition signatures and in denying relator a place on the ballot. Accordingly, we grant the writ.

Writ granted.

PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents.

LANZINGER, J., dissents for the reasons set forth in her dissent to *State ex rel. Crowl v. Delaware Cty. Bd. of Elections,* __ Ohio St.3d __, 2015-Ohio-4097, __ N.E.3d __.

O'CONNOR, C.J., not participating.

_____

**O'DONNELL, J., dissenting.**

**{¶ 4}** Respectfully, I dissent.

**{¶ 5}** I would deny the writ of mandamus in this case, because in my view, *State ex rel. Crowl v. Delaware Cty. Bd. of Elections*, __ Ohio St.3d __, 2015-Ohio-4097, __ N.E.3d __, is not dispositive. This is not a case where the board of elections has disregarded uncontroverted evidence as to the authenticity of a signature on a petition.

**{¶ 6}** Here, Burroughs did not present uncontroverted evidence of the authenticity of the four signatures on his petitions to the board at the time it rejected them, and he has never presented such evidence to it. Rather, for the first time in this court in this mandamus action he asserts such evidence. Therefore,

2

the board did not abuse its discretion by disregarding evidence of the authenticity of the electors' signatures on the petitions.

{¶ 7} Accordingly, I dissent.

————————————

Warner Mendenhall, for relator.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and John F. Galonski, Assistant Prosecuting Attorney, for respondent.

————————————